## 9369

### BRITTON *ET AL.* v. HEMINGWAY *ET AL.*

#### (88 S. E. 462.)

1. LIFE ESTATES—TERMINATION.—Where land is conveyed in fee, subject only to "the use, occupation and enjoyment" for their life by the parents of the grantees, the attempted conveyance of the land in fee by the parents entitles the grantees to immediate possession.

2. LIFE ESTATES—ADVERSE POSSESSION—ACCRUAL OF RIGHT—REAL PROPERTY.—Where land is conveyed subject only to "the use, occupation and enjoyment" for life by the parents of grantees, the attempted conveyance of the land in fee by the parents entitles the grantees to immediate possession, and the statute of limitations begins to run.

3. ESTOPPEL—AFTER-ACQUIRED TITLE.—Where one, whose title is defective, has conveyed and warranted it, a good title later acquired by him passes to his grantee by the warranty.

Before BOWMAN, J., Kingstree, April, 1915.   Affirmed.

Action by F. M. Britton and others against J. E. Hemingway and others.   From a judgment for defendants, plaintiffs appeal.

*Messrs. Kelley & Hinds,* for appellant, cite: *As to estoppel:* McM. Eq. 193; 66 S. C. 362; 25 S. C. 460; 7 Rich. 354. *Deed created life estate in F. M. and A. E. Britton:* 1 DeS. Eq. 157; 1 Washb. R. P. 116; 35 S. C. 338; 71 S. C. 270; 52 S. C. 110; 67 S. C. 7; 1 Rich. 170; 81 S. C. 343; 83 S. C. 329. *But even if F. Marion Britton and his wife did not take a life estate under the said deed, they did take a transferable interest in the property, which interest was transferred and conveyed to their grantee, Haselden, by their deed to him, and he and the defendants were entitled to the use, occupation and enjoyment of the premises under that conveyance until the date of the death of F. Marion Britton:* 81 S. C. 343; 83 S. C. 329; 13 Cyc. 646; 60 N. C. 104; 116 Ind. 71; 60 N. H. 174; 58 N. H. 374; 42 Minn. 99; 4 Kent,

FOOTNOTE.—As to easements in gross, see *Fisher* v. *Fair,* 34 S. C. 203, 13 S. E. 470, 14 L. R. A. 333, and note there, and in 136 Am. St. Rep. 683, 59 L. R. A. 949, and 10 Eng. Rul. Cas. 1.

Com. 487; 3 Washb. R. P. 348; 17 Cyc. 973; 2 Strob. Eq. 113; 94 U. S. 762; 39 Cyc. 1213. *As to property in lands:* 20 S. C. 214; 51 N. H. 504; 13 N. Y. 378; 1 Blackstone, Com. 138; 6 Binney (Pa.) 94; 29 U. S. L. Ed. 487; 3 Dall. 386; 16 Wall. 203. *Construction of deed:* 79 S. C. 169. *Usufructuary right:* 39 Cyc. 874. *Effect of subsequent deed:* 13 Cyc. 721; 3 Washb. R. P. 341; Mills. 447; Rice Eq. 108; Book 17 U. S. L. Ed. 206.

*Messrs. LeRoy Lee* and *M. A. Shuler,* for respondents, cite: *As to construction of deed:* 4 Strob. Eq. 103; 38 S. C. 129; 54 S. C. 413; 56 S. C. 346. *Nature of interest:* 4 Rich. Eq. 46; 10 *Ib.* 295. *Vesting of title:* 59 S. C. 560; 48 S. C. 316; 91 S. C. 59; 93 S. C. 569. *Statute of uses:* Civil Code, secs. 3673, 3674, 3675. *Adverse possession:* 78 S. C. 143; 1 Hill 413; 50 S. C. 120; 40 S. C. 168; 82 S. C. 534; 81 S. C. 340; 85 S. C. 375. *Termination of trust:* 100 Am. St. Rep. 99.

April 5, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

On September 1, 1868, Thomas M. Britton conveyed to his nieces and nephews, children of his brother, F. Marion Britton, a plantation called "Snow Hill." The conveyance was to "the grantees, their heirs and assigns forever." But nevertheless upon the following conditions:

"That the said F. Marion Britton, Annie E. Britton are to have the use, occupation and enjoyment of the said land and the said cattle for and during their natural lives or the life of the survivor, whether the survivor be he or she, but not to be subject to the debts, contracts or engagements of the said F. Marion or those of the said Annie E., in case she should survive him either of those now existing or of those hereafter to be contracted. And further, no division or partition of the said land or cattle is to be made until after

the death of both the said F. Marion and the said Annie E., and until the youngest one of the said grantees shall have arrived at the age of twenty-one years; and further, it is expressly stipulated that in case any creditor of the said F. Marion and the said Annie E. or either of them either now existing or hereafter to assume, that relation shall apply to any Court and shall succeed in obtaining any process whereby to subject the mere use of the said land and the said cattle of the said F. Marion and the said Annie E. hereinbefore created to the payment of any debts of either of them, then the said use and interest shall immediately determine and be forever at an end."

In May, 1880, F. Marion Britton and A. E. E. Britton conveyed the land in dispute to W. James Haselden in fee, and in December, 1895, Haselden conveyed to W. C. Hemingway & Co. in fee.

On December 27, 1889, Thomas M. Britton, the above grantor, and two others, make a declaration that they have, at the request of all parties in interest, gone upon the premises represented on a certain plat, and, having due regard to the value of the lands, have partitioned and allotted the same as shown on certain plat. In our opinion, the interest of the parties demand the partition of said land at this time, and the partition is made in accordance with the interest and purpose of said Thomas M. Britton at the making of the deed of September 1, A. D. 1868, as he attests by his action herein and his execution of these presents.

On the same day, the children of F. Marion Britton, and F. Marion Britton executed a mutual deed of partition of "Snow Hill." This deed recites the deed of Thomas M. Britton of September 1, 1868. It recites that great changes have occurred, and that the land as it stands is a burden. It contains the following clause:

"The interest and comfort of said F. Marion Britton and the children of him and of the said Annie E. require that the estate be relieved of the limitations imposed by said deed, in

that it may afford the benefits it was intended to afford and cease to be a burden."

It recites that Annie E. E. Britton was then dead. This deed is signed by F. Marion Britton and all his living children, and the heirs of those deceased. Some children of F. Marion and Annie E. E. Britton were born after the execution of the original deed, but they were allowed shares in the partition. The partition deed recites that, while Snow Hill was thought to contain 1,000 acres, it does in fact, as appears by the survey, contain 1,726 acres. The plat referred to shows the division as set forth in the deed.

It is admitted that the defendants and Haselden have been in possession of the land in dispute ,since 1880, claiming it as their own; but the plaintiffs claim that F. Marion Britton was a tenant for life and that he did not die until January 2, 1912, so that their action is not barred. The defendants claim that the land in dispute is not a part of the Snow Hill plantation, but that, if it is still, the plaintiffs are barred by the statute and plead the presumption of a grant. The case was tried on Circuit on the construction of the Thomas M. Britton deed, and the parties reserve the question as to the location of the land until this deed is construed. This is reversing the logical order, which would be to determine first if the deed covers the land and then construe the deed.

The Circuit Judge held that F. Marion Britton had no estate, but a "mere use," and the plaintiffs had the right to bring their action in 1880 and are barred by the statute, and dismissed the complaint. From this decree, the plaintiffs appeal on several exceptions; but there is only one question that arises, and that is: Are the plaintiffs barred?

The arguments are excellent on both sides, and replete with authorities; but, as we see it, this case is like none of them in its essential facts, and a review of them would not be helpful.

The plaintiffs, or their ancestors, were granted an absolute estate, subject only to the use, occupation, and enjoyment of F. Marion Britton and Annie E. E. Britton. When F. Marion Britton and Annie E. E. Britton conveyed this land in fee, it could no longer be withheld from the plaintiffs, as it was no longer being held for their use, occupation, or enjoyment. The plaintiffs were entitled to possession as soon as the object of the limitation failed. Their right to bring suit commenced in 1880, and has long since expired.

Besides this, it makes no material difference by what name we call the interest of F. Marion Britton, or whether the land was included in Snow Hill in 1868 or not If the land in dispute was not included in Snow Hill in 1868, the complaint must be dismissed, because the plaintiffs have shown no other title. Even if the land was included in Snow Hill in 1868, the plaintiffs cannot recover because in 1889 it was found that the limitation imposed by the deed of 1868 was a burden, and the grantor, the life tenant, and remaindermen came together to destroy the limitations and partition the land on contravention of the terms of the deed under which they now claim this land. They were to divide, not a certain number of acres, but "Snow Hill." They say, we thought Snow Hill contained 1,000, but we find that it contains 1,726 acres. We agree that this plat represents Snow Hill, and they divided 1,726 acres.

It is true that the defendants were not parties to that deed, but F. Marion Britton, who had conveyed to the defendant's grantor, was a party. F. Marion Britton had warranted his title, and any rights that would have gone to F. Marion Britton in that partition would have inured to the benefit of his grantees. They professed to divide Snow Hill, and they cannot now, in the absence of a showing of mistake or fraud, ask the Court to open the settlement and take in more prop-

erty than in the possession of F. Marion Britton or his grantee.

It is said the defendants cannot deny their title. They are not denying their title, but one in possession has the right to rely upon many sources of title and cannot be required to rely upon the weakest.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result.